**CTM, INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and Ray Marshall, Secretary of Labor, Respondents.**

No. 76–1789.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 18, 1977.

Decided Feb. 6, 1978.

Rehearing Denied April 27, 1978.

Richard L. Bohanon, Oklahoma City, Okl. (Bohanon & Barth, Oklahoma City, Okl., of

counsel, with him on the brief), for petitioner.

William G. Staton, Atty., U. S. Dept. of Labor, Washington, D. C. (Alfred G. Albert, Acting Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety & Health, Michael H. Levin, Counsel for Appellate Litigation, and Allen H. Feldman, Assistant Counsel for Appellate Litigation, Dept. of Labor, Washington, D. C., with him on the brief), for respondents.

Before SETH, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

SETH, Chief Judge.

This is a petition to review the determination by the Occupational Safety and Health Review Commission that the petitioner had violated the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. This review is pursuant to 29 U.S.C. § 660(a), following a hearing and decision by an administrative law judge which was affirmed by a two-to-one vote of the Review Commission.

The standard of review as to the facts is set out in *Lee Way Motor Freight, Inc. v. Secretary of Labor,* 511 F.2d 864 (10th Cir.), and also in *Clarkson Construction Co. v. OSHRC,* 531 F.2d 451 (10th Cir.). Thus we apply the substantial evidence rule and determine whether, based on the record, the findings are reasonable. There are also some substantial legal questions presented by this petition.

The petitioner is in the business of laying pipelines and digging trenches for utility lines. At the time of the violation charged the petitioner was digging a trench for a pipeline in Tulsa. The violation charged a failure to store the dirt excavated from the trench, and in failing to slope the sides of the trench in accordance with OSHA regulations, 29 C.F.R. § 1926.652(b). The trench was about thirteen feet deep, was four feet wide at the bottom, about seven feet wide at a depth of nine feet, and some twenty-three feet wide at the top.

The administrative law judge referred to the soil in his findings as "average soil,"

and not as unstable or soft. The Commission also apparently so regarded it. The regulation with attached tables describes a slope of 45 degrees as "recommended" in "average" soil. The 45 degrees is used as an "approximate angle." The Commission decision in part was that the trench here concerned was required to be shored or sloped to a "minimum angle of repose of 45 degrees."

There was no finding other than that the soil was "average" as to stability. There was an attempt to show that the soil was unstable, but this was not accepted. In the absence of a finding of unstability, the Secretary is left with no showing of a hazard, and only that the trench did not meet "recommendations" of the regulation. This cannot be a "violation."

Thus the Secretary did not prove that the soil was unstable, no hazard was shown, and, of course, there was no showing that the petitioner had knowledge of an unsafe condition. In short, the record does not contain facts upon which a finding or conclusion could be based that petitioner had violated the Act as to the slope.

The second violation charged concerned the manner in which the dirt which had been dug out of the trench was placed. This is somewhat elaborately described as the "spoil bank." The regulations, 29 C.F.R. § 1926.651(i)(1), refer to the distance from the trench which the dirt must be placed, two feet, and that it must be "effectively" stored.

The administrative law judge found that the dirt was not within two feet of the trench, but that it was not "effectively" stored. This finding was apparently based on testimony that there were rocks in the excavated dirt pile larger than a man's head and these might roll into the trench. This was thus concluded to be "ineffective" storage. However, there was no evidence that the pile constituted a hazard.

The use of the word "ineffective" in the regulation is an isolated one and it is not otherwise defined or elaborated upon. Under such circumstances, it serves no use-

ful purpose because a person subject to the regulation can derive no meaningful standard from it. Again, the physical conditions were described, but there was no showing of a hazard. In addition we must hold that the regulation as to the piling of the dirt, 29 C.F.R. § 1926.651(i)(1), does not contain an adequate standard or warning to the petitioner sufficient to authorize an imposition of a penalty. The conduct for which a penalty may be imposed, if not otherwise defined, should be one which is recognized in the industry as hazardous. *Cape & Vineyard Div. v. Occupational Safety & Health Review Comm'n,* 512 F.2d 1148 (1st Cir.). The Secretary did not here meet this requirement, and again in view of the nature of the asserted violation did not show knowledge of a hazard by petitioner.

The order of the Review Commission and of the Secretary is set aside and held for naught.